I concur with the principal opinion's disposition of appellant's four assignments of error. I wish to further discuss, however, appellant's second assignment of error.
I agree with the principal opinion that based upon the evidence adduced at the suppression hearing, Patrolman Krystan did not have probable cause to arrest appellant for driving while under the influence of alcohol. Although Krystan testified about appellant's physical appearance, Krystan did not provide any evidence concerning any pre-arrest observation of appellant's impaired coordination or impaired motor skills. Thus, I agree that no factual basis exists on which to conclude that the probable cause requirement had been satisfied.
I disagree with appellee's argument that appellant's refusal to perform physical coordination tests prevented the officer from developing a factual basis for the probable cause determination. If a suspect refuses to "cooperate" by refusing to perform physical coordination tests (as that suspect is entitled to do if he or she so chooses), an officer may simply use his or her observation of the suspect's physical coordination and motor skills to assess whether probable cause exists to arrest the suspect for driving under the influence of alcohol. Evidence that a suspect's movements and actions were unsteady and sluggish could, when coupled with evidence regarding alcohol consumption, provide a valid basis for a driving under the influence arrest.
At this juncture I wish to clarify my position with respect to a discussion in the principal opinion. The principal opinion states that "because Krystan did not observe any evidence of impaired driving or impaired driving ability, [Krystan] did not have probable cause to arrest appellant for a violation of R.C.4511.19." I assume that the phrase "impaired driving ability" means impaired coordination or impaired motor skills. I note that an officer need not observe erratic driving prior to stopping and arresting a suspect for driving under the influence of alcohol. In some instances, an officer may stop a suspect for reasons completely unrelated to erratic driving. Subsequent contact with the driver may, however, reveal impaired coordination and the basis for a driving under the influence charge. For example, inState v. Ousley (Sept. 20, 1999), Ross App. No. 99CA2476, unreported, driving in excess of the posted speed limit provided the basis for the investigative stop. Subsequent contact with the driver revealed impaired coordination and other indicia of driving under the influence of alcohol. I note that many driving under the influence cases have originated from investigative stops for reasons unrelated to erratic driving (e.g. speed, mechanical defects, various moving violations).
Thus, I agree with the principal opinion that the facts adduced at the suppression hearing do not support the conclusion that Patrolman Krystan possessed probable cause to arrest appellant for driving under the influence of alcohol.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the County Court in Pike County to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment and Opinion with Concurring Opinion.
For the Court
 BY: _______________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.